UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ROBERT F. HOLLOWAY,

    Plaintiff,

v.

DARIELLE MASON, et al.,

    Defendants.

Case No. CV 18-705-CAS (KK)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I.
## INTRODUCTION

Plaintiff Robert F. Holloway ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Darielle Mason, Virginia Angulo, and Lorrayne Green (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## ALLEGATIONS IN COMPLAINT

On January 26, 2018, Plaintiff filed a Complaint against Defendants asserting his "civil rights have been violated without cause, without process and without proof." Dkt. 1, Compl. at 1-3. In the Complaint, Plaintiff challenges actions taken

in relation to a Child Support Enforcement Action, BZ177598, in which he is named as the obligor. Id. at 1-7; see also id. at 10, Ex. A, Income Withholding for Support Order ("IWO"); id. at 11, Ex. C, Amended IWO. While the Complaint acknowledges "numerous letters" stating Plaintiff owes amounts for child support, Plaintiff asserts there is no "proof of the underlying order" and "[n]o such order exists." Id. at 3.

Plaintiff alleges on February 10, 2016, a County of Los Angeles Child Support Services Division ("CSSD") officer, defendant Angulo, sent a copy of the IWO to Plaintiff's employer. Id. at 2-3. Plaintiff claims his income was withheld pursuant to the IWO. Id. at 3. Plaintiff further alleges he attempted to reach defendant Angulo "to request [the] underlying order" and also sent his employer a cease and desist letter in an attempt to prevent the income withholding. Id.

Plaintiff also alleges he spoke with defendant Mason, a child support representative, who "threatened the suspension of [his] license,[1] which is [Plaintiff's] sole means of earning wages." Id.

Plaintiff also alleges CSSD officer, defendant Green, fraudulently placed a lien on Plaintiff's workers compensation case. Id. at 2-3; see also id. at 9, Ex. D.

Based on these allegations, Plaintiff claims violations of his Fourth and Fourteenth Amendments right to freedom from unreasonable search and seizures because Defendants conspired to deprive Plaintiff "of property under the color of law"; violations of his Fourth, Fifth, and Fourteenth Amendments due process rights because Defendants did "not provid[e] proof of [an] underlying order"; and violation of the Fourth Amendment because Defendants "depri[]ve[d] Plaintiff of property without obtaining a proper writ/tort." Id. at 4-6.

Plaintiff seeks compensatory damages, dismissal of "Case #BZ177598," and an order for "[a]ll liens removed and property returned." Id. at 7.

---

[1] Plaintiff does not specify what "license" defendant Mason threatened to suspend.

# III.
# **<u>STANDARD OF REVIEW</u>**

As Plaintiff is proceeding <u>in forma pauperis</u>, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012). In addition, under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF SEEKS RELIEF THAT WOULD VIOLATE THE YOUNGER ABSTENTION DOCTRINE

**1. Applicable Law**

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See Younger v. Harris, 401 U.S.

37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (ongoing state criminal proceedings). The Younger abstention doctrine applies to pending state civil or administrative proceedings that involve important state interests and allow opportunity to raise constitutional issues. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) (pending state administrative proceedings); Kitchens v. Bowen, 825 F.2d 1337, 1341-42 (9th Cir. 1987) (pending child support proceedings).

Younger abstention is required if state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate federal claims. Middlesex Cty., 457 U.S. at 432; Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th Cir. 2001); Cty. of Alameda's Agustin v. Cty. of Alameda, 234 F. App'x 521, 522 (9th Cir. 2007).[2] If these factors apply, federal court abstention is required, absent extraordinary circumstances. Middlesex Cty., 457 U.S. at 435, 437; Younger, 401 U.S. at 53-54.

**2. Analysis**

Here, the Complaint largely concerns actions taken to enforce the Child Support Enforcement Action, B177598. To the extent Plaintiff requests this Court intervene (e.g. Plaintiff's request to dismiss Case #BZ177598), this Court cannot do so without interfering in the pending state civil proceedings. See Middlesex Cty., 457 U.S. at 432. All three Younger factors apply: (1) "Case #BZ177598" appears to be an ongoing state judicial proceeding; (2) the state judicial proceeding implicates important interests of the State of California in collecting child support; and (3) the ongoing proceedings provide ample opportunity to litigate Plaintiff's federal claims. See Middlesex Cty., 457 U.S. at 432; Columbia Basin Apt. Ass'n, 268 F.3d at 799-801; Cty. of Alameda's Agustin, 234 F. App'x at 522 (affirming dismissal based on Younger factors in an ongoing action to collect child support

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

payments). Plaintiff does not allege, nor does there appear to be any extraordinary circumstances. Accordingly, federal court abstention is required. <u>Middlesex Cty.</u>, 457 U.S. at 432; <u>Younger</u>, 401 U.S. at 53-54.

### B. PLAINTIFF FAILS TO STATE A FIFTH OR FOURTEENTH AMENDMENT DUE PROCESS CLAIM FOR DEPRIVATION OF PROPERTY AGAINST DEFENDANTS

**1. Applicable Law**

The Due Process Clause of the Fifth and Fourteenth Amendments guarantees against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amends. V, XIV. "[I]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 48, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993).

A procedural due process claim requires a plaintiff to establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." <u>Brewster v. Bd. of Educ.</u>, 149 F.3d 971, 982 (9th Cir. 1998). With respect to the second element, the failure to follow mandatory procedures does not by itself offend the constitution. <u>See</u> <u>Smith v. Noonan</u>, 992 F.2d 987, 989 (9th Cir. 1993). Rather, there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest. <u>See</u> <u>Buckley v. Gomez</u>, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), <u>aff'd</u>, 168 F.3d 498 (9th Cir. 1999).

In cases involving unlawful deprivation of property, a Section 1983 claim fails if the "State has provided an adequate post-deprivation remedy for the alleged destruction of property." <u>Hudson v. Palmer</u>, 468 U.S. 517, 536, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). "Thus, in challenging a property deprivation, the [plaintiff] must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." <u>Id.</u> at 539.

**2. Analysis**

As a preliminary matter, Plaintiff's Fourth Amendment claims appear to allege a violation of due process because Plaintiff alleges Defendants withheld Plaintiff's income and placed a lien on Plaintiff's workers compensation without proof of an underlying order.[3] Compl. at 3, 5. Thus, Plaintiff's constitutional claims in this case can be narrowed to a due process claim under the Fifth and Fourteenth Amendments.

Here, even assuming a constitutionally protected liberty or property interest, Plaintiff fails to allege the denial of adequate procedural protections. Plaintiff alleges a violation to his due process rights because Defendants did "not provid[e] proof of [an] underlying order." Compl. at 5. To the extent Plaintiff challenges deprivation of amounts of money for his child support payments without proof of an order, there are established procedures allowing post-deprivation remedies. See Cal. Fam. Code § 17526(c) ("Any party to an action involving child support enforcement services of the local child support agency may request a judicial determination of arrearages."); Banks v. Cty. of Alameda, Case No. 14-CV-00482-WHO, 2014 WL 1651941, at *3-4 (N.D. Cal. Apr. 23, 2014) (dismissing due process claim because California Family Code Section 17526(c) provided adequate post-deprivation remedy for county's allegedly improper determination of child support arrearage). Plaintiff does not appear to have availed himself of the state remedies, nor has he alleged any inadequacies in the established procedural protections. Furthermore, to the extent Plaintiff might claim such procedures were not followed, a failure to comply with such a procedure alone does not establish a due process violation. See Noonan, 992 F.2d at 989; Buckley, 36 F. Supp. 2d at

---

[3] Plaintiff's third cause of action for violation of the Fourth Amendment appears to allege Defendants "depri[]ve[d] Plaintiff of property without obtaining a proper writ/tort" that complied with 28 U.S.C. § 1691. Compl. at 5-6; 28 U.S.C. § 1691 ("All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof."). However, Defendants' letters, lien, and IWO are not "writs and process" from a federal court and, therefore, 28 U.S.C. § 1691 would not be applicable.

1222 ("A defendant's negligent or intentional failure to follow proper procedures does not constitute a constitutional deprivation.").

Accordingly, Plaintiff's due process claim is subject to dismissal.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a

preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey, 693 F.3d at 928.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: February 22, 2018

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge